IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMBER JOHNSON, TAYLOR THOMPSON,
and R.J., a minor child,

    Plaintiffs,

vs.                                                                Civ. No. 21-184 KG/LF

CHARITY SANCHEZ, in her individual capacity,
and DEDRE MELLON, in her individual capacity,
and
NEW MEXICO CHILDREN, YOUTH &
FAMILIES DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants' Motion to Stay Proceedings (Motion to Stay). (Doc. 8). The matter is now fully and timely briefed. (Docs. 13, 16, 17, 20, and 21). Having considered the Motion to Stay, the briefing, the controlling law, and for the following reasons, the Court grants the Motion to Stay in part.[1]

This lawsuit arises from Defendant New Mexico Children, Youth & Families Department's (CYFD) placement of minor Plaintiff R.J. with R.J.'s grandparent after the Albuquerque Police Department took custody of R.J. from R.J.'s parents, Plaintiffs Amber Johnson and Taylor Thompson. *See* (Doc. 1-2). Plaintiffs bring claims against CYFD and CYFD officials under (1) 42 U.S.C. § 1983 for violations of the United States Constitution, (2) the New Mexico Constitution, and (3) the New Mexico Tort Claims Act. *See id.*

---

[1] The Court notes jurisdiction over this removed case under 28 U.S.C. § 1331 (federal question jurisdiction).

On April 5, 2021, Defendants filed "Defendants' Motion to Dismiss Plaintiffs' Civil Rights Claims Against Deidre Mallon"[2] (Motion to Dismiss) under Fed. R. Civ. P. 12(b)(6). (Doc. 6). Defendants raise a qualified immunity defense on behalf of Defendant Mallon. (Doc. 6). The Motion to Dismiss is fully and timely briefed as well. *See* (Docs. 14, 15, 17, 18, and 19).

Defendants move that the Court stay all proceedings, including discovery, pending resolution of the qualified immunity issue raised in the Motion to Dismiss. Plaintiffs oppose the Motion to Stay and respond that "further discovery is needed to determine the Defendant's full role in the alleged continuing violation of Plaintiff's [sic] rights and fully allow Plaintiffs to respond to the qualified immunity question." (Doc. 16) at 2.

The defense of qualified immunity is available to individual defendants named in a Section 1983 action, and "shields public officials ... from damages actions unless their conduct was unreasonable in light of clearly established law." *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (citation and quotations omitted). Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such *pretrial* matters as discovery'...." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (citation omitted). The Tenth Circuit has made clear that "qualified 'immunity questions [should be resolved] at the earliest possible stage in litigation.'" *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012) (citation omitted). Indeed, "[a] motion to dismiss is the earliest vehicle by which defendants may dispose of claims against them." *Pompeo v. Bd. of Regents of Univ. of New Mexico*, 2014 WL 12696520, at *2 (D.N.M.).

---

[2] According to Defendants, "[t]he correct spelling of this party's name is 'Deidre Mallon' as opposed to 'Dedre Mellon' as stated in the case caption." (Doc. 8) at 1 n1.

A Rule 12(b)(6) motion to dismiss, unlike a Fed. R. Civ. P 56 motion for summary judgment, "does not properly challenge the evidence that may support a claim for relief, but is confined to the sufficiency of the allegations asserted in support of that claim." *Id.* at *3. "Thus, issues related to the evidence are not properly before the Court." *Id.* As the Tenth Circuit has observed, if the government defendants' "actions are those that a reasonable person could have believed were lawful, defendants are entitled to dismissal before discovery." *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992).

Given that Defendants raise the issue of qualified immunity in the context of a Rule 12(b)(6) motion to dismiss, the Court will not consider evidence to resolve the qualified immunity issue. Accordingly, Plaintiffs' "request for discovery is misplaced...." *Id.*; *see also Workman,* 958 F.2d at 336 (in context of motion to dismiss, the Tenth Circuit reiterated that "[d]iscovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred").

The Court further notes that "[i]f a motion for summary judgment had been filed, the Tenth Circuit has stated that 'A party seeking to defer a ruling on summary judgment under Rule 56[(d)] must file an affidavit that explain[s] why facts precluding summary judgment cannot be presented.'" *Pompeo,* 2014 WL 12696520 at *3 (citations and quotation marks omitted). Similarly, the Tenth Circuit has held that if the government defendants' "actions are not those that a reasonable person could have believed were lawful, then discovery may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved." *Workman,* 958 F.2d at 336. While such a need for discovery may exist with respect to a motion for summary judgment, it does not exist with regards to a motion to dismiss such as Defendants' Motion to Dismiss.

3

For all of the above reasons, the Court concludes that discovery should be stayed pending the resolution of the qualified immunity issue raised in the Motion to Dismiss.

IT IS ORDERED that Defendants' Motion to Stay Proceedings (Doc. 8) is granted in that discovery is stayed until the Court decides Defendants' Motion to Dismiss Plaintiffs' Civil Rights Claims Against Deidre Mallon (Doc. 6).

_____
UNITED STATES DISTRICT JUDGE