IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMBER JOHNSON, TAYLOR THOMPSON,
and R.J., a minor child,

    Plaintiffs,

v.                                                    No. 1:21-cv-00184 KG-LF

CHARITY SANCHEZ, in her individual capacity,
and NEW MEXICO CHILDREN, YOUTH &
FAMILIES DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the New Mexico Children, Youth & Families Department (CYFD) and Charity Sanchez's Motion to Dismiss for Failure to State a Claim (Doc. 38), which is fully and timely briefed, (Docs. 42, 44). Having considered the briefing, the complaint, and the applicable law, the Court grants the Motion.

I.    *Background*

The case is brought by Amber Johnson, Taylor Thompson, and their minor child, R.J., alleging that R.J. was taken by CYFD and improperly placed into the custody of his paternal grandmother for approximately three weeks in 2018 after Ms. Johnson was arrested for Driving While Intoxicated with R.J. in her car. *See Generally* (Doc.1-2). Plaintiffs now challenge that CYFD action, suing social worker Charity Sanchez in her individual capacity, her supervisor Deidre Mallon in her individual capacity, and CYFD. Ms. Mallon was previously dismissed from the case. (Docs. 26 & 27). The lawsuit alleges violations of civil rights and a tort.

Specifically, Count 1 is a § 1983 claim alleging a violation of the constitutionally protected interest in the parent-child relationship "codified by the Fifth Amendment, and

protected by the First Amendment and Ninth Amendment." (Doc. 1-2) at 5–8. Count 2 alleges due process violations under Section 18 of the New Mexico Constitution. *Id.* at 8–9. Given the allegation that Mr. Thompson and Ms. Johnson were not given an opportunity to be heard, the Court infers this claim is for procedural due process. And given that Plaintiffs do not allege the state due process clause provides greater protection than the U.S. Constitution, under New Mexico's interstitial approach, the Court will consider Count 2 as a Fourteenth Amendment procedural due process claim. *See State v. Gomez*, 1997-NMSC-006, ¶¶ 19–20. Count 3 alleges violations of equal protection as found in Article II Sections 4 and 18 of the New Mexico Constitution and NMSA 1978 § 41-4-12 (creating an exception to sovereign immunity for tort claims against law enforcement officers). *Id.* at 9. The substance of the claim and its heading are inconsistent, and it reads not as an equal protection claim but as a substantive due process claim based on parents' "constitutional right to custody of their children." *Id.* at ¶¶ 55, 56. The Court, to be fair and comprehensive, will treat it as both an equal protection claim under the New Mexico Constitution[1] and a Fourteenth Amendment substantive rights claim. Count 4 alleges a claim under the New Mexico Tort Claims Act for negligent operation and maintenance. *Id.* at 10–12. Plaintiffs seek compensatory and punitive damages. *Id.* at 12.

Confusion in the pleading aside, this case can be summarized as a § 1983 claim alleging violations of civil rights based in some combination of the New Mexico and United States Constitutions—including equal protection, procedural due process, and substantive due process—and an alleged tort under the New Mexico Tort Claims Act. Now before the Court,

---

[1] Unlike procedural due process, above, New Mexico courts find the state Equal Protection Clause affords "rights and protections independent of the United States Constitution" and therefore will interpret it "independently." *Breen v. Carlsbad Mun. Schools*, 2005-NMSC-028, ¶ 14.

Defendants challenge most of those claims in this Motion to Dismiss. Specifically, they argue that the NMTCA claim fatally lacks a waiver of sovereign immunity and that the adult plaintiffs' claim falls outside the statute of limitations; that CYFD is not a suable person for civil rights claims under § 1983; and, that to the extent the civil rights claims are brought under the New Mexico constitution, First, Fifth, and Ninth Amendments, they are defective as matters of law. (Doc. 38) at 1–2.

The Court largely agrees with Defendants and grants the Motion for the reasons explained below.

II.     *Analysis*

   A. *Claims brought pursuant to the New Mexico Constitution, and First, Fifth, and Ninth Amendments Must be Dismissed Against all Defendants Because They Are Not Proper Sources of Claims or Insufficiently Pled*

The Court notes that the fundamental rights to familial association and to custody of one's children both are based in the concept of liberty found in the Fourteenth Amendment. *E.g.*, *Stanley v. Illinois*, 405 U.S. 645 (1972) (care and custody of child); *Moore v. City of East Cleveland, OH*, 431 U.S. 494 (1977) (familial association). Such a Fourteenth Amendment claim may be properly brought via § 1983, but the Court concludes that all the claims brought pursuant to other constitutional provisions are inapplicable as matters of law or insufficiently pled.[2]

---

[2] Defendants correctly point out that the Court previously made rulings on these legal questions in disposing of the Motion to Dismiss brought by Ms. Mallon, *see* (Doc. 26), which should create a law of the case. Because that ruling was made from the bench, the Court puts comprehensive reasoning in writing here.

First, there is no § 1983 equivalent at the state level which allows for a cause of action for damages against public employees based on a violation of the New Mexico Constitution.[3] *Barreras*, 2003-NMCA-027, ¶ 24 ("[T]he courts of this state have consistently declined to permit individuals to bring private lawsuits to enforce rights guaranteed by the New Mexico Constitution."); *also Chavez-Rodriguez v. City of Santa Fe*, 2008 WL 5992269, at *7 (D.N.M. Oct. 17, 2008) ("[T]here is no private cause of action to enforce the New Mexico Constitution."). While a claim for violations of equal protection may be brought under the state constitution, the Court, consistent with the above rules, knows of no law authorizing damages (as opposed to injunctive or declaratory relief) and Plaintiffs point to no such authority. Additionally, a violation of state law alone does not make for a violation of a federal right and therefore the alleged violations of the New Mexico Constitution cannot be brought pursuant to § 1983. *E.g.*, *Rector v. City and County of Denver*, 348 F.3d 935, 947 (10th Cir. 2003).

Second, the Court concludes the Due Process clause of the Fifth Amendment bears on the acts of federal, not state, actors and so is inoperative here. *Koessel v. Sublette County Sheriff's Dep't*, 717 F.3d 736, 748 n. 2 (10th Cir. 2013). The Court notes that because due process rights originating in the Fourteenth Amendment do apply to state actors, the Court will consider the properly pled Fourteenth Amendment due process claim.

Third, the Court concludes the Ninth Amendment is not an independent source of constitutional rights and cannot form the basis of a § 1983 claim. *E.g.*, *Griswold v. Connecticut*,

---

[3] The Court notes that New Mexico's new Civil Rights Act does create a cause of action for violations of constitutional rights, NMSA 1978 § 41-4A-3, but the events underlying this case precede implementation of the Act, which is not retroactive, § 41-4A-12 ("Claims arising solely from acts or omissions that occurred prior to July 1, 2021 may not be brought pursuant to the New Mexico Civil Rights Act.").

381 U.S. 479, 492 (1965); *Denise-Bradford v. Town of Silver City*, 826 Fed. Appx. 678, 681-82 (10th Cir. 2020).

Fourth, the Court concludes the Plaintiffs insufficiently plead facts to plausibly allege any First Amendment violations. *See Bell Atlantic. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that to survive a 12(b)(6) motion to dismiss, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."); *also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Plaintiffs' claims arise out of a temporary removal of a child from parental custody. As noted above, those claims implicate Fourteenth Amendment substantive rights. The Court is unaware of such familial claims being brought pursuant to the First Amendment, and Plaintiffs point to no authority on point.

The Court therefore dismisses all claims for damages based in the New Mexico Constitution and First, Fifth, and Ninth Amendments. That covers all of Count 1 against all Defendants and Count 3 against all Defendants, to the extent it is about the state equal protection clause. To this point, the following remain: Count 2, to the extent it is about procedural due process under the Fourteenth Amendment; Count 3, as far as it is based in substantive due process under the Fourteenth Amendment; and Count 4.

B. *Section 1983 Claims Against CYFD Must be Dismissed Because it is not a Suable "Person"*

Any § 1983 claim brought against CYFD—including any claims already discussed above and additionally any remaining Fourteenth Amendment claims—must be dismissed because CYFD is not a proper defendant. Section 1983 creates a private cause of action against "every person who, under color of" state law, causes a "deprivation" of federal rights. 42 U.S.C. § 1983. It does not abrogate the State's sovereign immunity, and neither the State, its agencies, nor its programs qualify as "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491

U.S. 58, 67, 71 (1989); *Wood v. Milyard*, 414 Fed. Appx. 103, 105 (10th Cir. 2011) (unpublished opinion). This Court has previously arrived at the conclusion that CYFD specifically is not suable under § 1983. *See Bernheisel v. CYFD*, 21-cv-037, Doc. 24, at *8 (D.N.M. Apr. 28, 2022). Therefore, any § 1983 claims against CYFD fail to state a proper claim and are dismissed. This ruling eliminates Counts 2 and 3 against CYFD but leaves them undisturbed as to Ms. Sanchez.

### C. *The NMTCA Claims Are Barred by Sovereign Immunity*

The Court concludes the claims brought pursuant to the New Mexico Tort Claims Act are barred by state sovereign immunity. The state and its employees acting in the scope of their employment are generally immune from suit unless a specific exception or waiver can be identified. *Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't*, 1996-NMSC-021, ¶ 6 ("Generally, the Tort Claims Act provides governmental entities and public employees acting in their official capacities with immunity from tort suits unless the Act sets out a specific waiver of that immunity."); *Saenz v. Lovington Mun. Sch. Dist.*, 105 F. Supp. 3d 1271, 1310 (D.N.M. 2015) ("If no specific waiver can be found in the NMTCA, a plaintiff's complaint against the governmental entity or its employees must be dismissed."). The Court here finds no waiver in the NMTCA for alleged torts committed by state social workers, and Plaintiffs point to none. *See* N.M.S.A. 1978 §§ 41-4-4 to 13 (listing waivers of sovereign immunity). Plaintiffs rely on *Young v. Van Dyne*, 2004-NMCA-074, to argue for a waiver, but that case is distinguishable because it involved claims of actual negligent operation and maintenance of a foster home resulting in an injury, and here there are no such allegations. (Doc. 42) at 3. Instead, this case is based in the separation of the family unit, and the Court determines that theory of liability does not fit within any NMTCA waiver.

To the extent Plaintiffs allege violations of the state constitution via a cause of action in the NMTCA, the Court also determines the NMTCA does not create a cause of action for constitutional torts. *See Barreras v. State of N.M. Corr. Dep't*, 2003-NMCA-027, ¶ 24 (finding "absence of an express waiver of immunity under the Tort Claims Act" for violations of civil rights arising under the New Mexico Constitution); *Chavez-Rodriguez v. City of Santa Fe*, 2008 WL 5992269, at *6 (D.N.M. Oct. 17, 2008) ("[T]here is no exception in the NMTCA waiving immunity for constitutional torts under either the free-speech or due-process clauses of the New Mexico Constitution.").

IT IS, THEREFORE, ORDERED THAT:

1) All claims brought to enforce rights under the New Mexico Constitution for damages are dismissed with prejudice[4] as a matter of law;

2) All claims brought under the First Amendment are dismissed with prejudice for failure to state a claim;

3) All claims brought under the Fifth and Ninth Amendments are dismissed with prejudice as matters of law;

4) All Section 1983 claims brought against CYFD are dismissed with prejudice as a matter of law; and

5) All claims brought under the New Mexico Tort Claims Act are dismissed with prejudice as barred by state sovereign immunity.

By the Court's tally, all claims against CYFD have been dismissed. The Court will dismiss CYFD from this case in a separate judgment. To put this in terms of the Plaintiff's

---

[4] Under Rule 41(b), a 12(b)(6) dismissal "operates as an adjudication on the merits." And "an adjudication on the merits" is synonymous with a dismissal with prejudice. *See Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).

allegations, Counts 1 and 4 have been dismissed entirely, and Counts 2 and 3 have been dismissed against CYFD and as far as they include theories outside of the Fourteenth Amendment. Yet remaining are possible § 1983 claims in Counts 2 and 3 alleging violations of procedural and substantive due process under the Fourteenth Amendment against Ms. Sanchez.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE